25 5 2 0 yes your honor may it may please the court Matt Bells again for the Evergreen Association like the Boswell case we're here on standing I'm gonna talk with I think I'll introduce the case by talking about some differences the no waiver provision is not in this in this law the accessing and employees information is not in this law I think probably notably the biggest change is there the city's law expressly regulate speech and an evergreen is already violating that provision in the same ways that we talked about before the district court completely disregarded the speech provision and the speech version that I'm talking about says you can't declare print or circulate any statement that directly or indirectly expresses a limitation or specification on reproductive health decision making again we're here on you know relaxed standing rules I think this the speech code it's intertwined with the Expressive Association claim first of all because both these courts that I don't the two things travel together so if it were right that the city can prohibit you from discriminating on the basis of decision-making or beliefs about it or whatever should they also be allowed to tell you you can't tell employees that you're gonna discriminate like if you lost on the Expressive Association could you would you still prevail on the speech well I think I think I think they affect each other so in the Expressive Association standing claim Judge Chen said you know you do a really good job of filtering out employees you don't want you do a good job of screening your employees but the speech provision at the same time bars those activities if if we can't if Judge Hartley if Reverend Hardin can't sit down and say you know what are your experiences with abortion this law also applies to prospective employees I don't think that's questionable if he can't do that or if they can't have this no waiver provision that expresses a specification or a limitation about who they want to hire then that goes back that that really undermines no you know no there isn't the same no waiver provision but that provision about expressing a limitation serves the same function I think so yeah yeah exactly so requiring a pro-life commitment that's in our that's in our in Evergreen's job listings and things like that you know a pro-life commitment is is again incompatible with having an abortion I think that's something that I understand the record but maybe I've misunderstood it there are people who can apply and indeed can be employed who have had an abortion but have used the word repent in the earlier colloquy but have a expressive belief that is consistent with with Evergreen's statement and so they can then be employed is that correct that's true your honor Evergreen has said from the beginning of this case and we talked about this in oral argument five years ago that if there's somebody that comes to Evergreen who's had an abortion ten years ago they regret it that's the core of Catholic doctrine yeah and they that can be the most helpful sort of messenger that Evergreen can have that doesn't mean that if they have somebody who comes in and said I had an abortion yesterday whatever I want a job somebody signs the pro-life commitment and then turns around and has an abortion and then says oh I regret it you would infer that they're not taking the commitment that seriously yeah I mean the big does draw a distinction like I said most anti-discrimination laws seems to me don't do this but if the statute does distinguish between the status and beliefs about the status isn't it true that you care most about the beliefs no I don't think I don't see how you can break the two apart if someone says they're they're pro-life and they have an abortion you know it doesn't matter what they said and I think what we're getting at is this statute takes away my clients or the law takes away my clients right to make this determination it's it's it's Evergreen's expressive association and if they want to fire people a fire person because they had an abortion they should have that right and if they want to retain somebody who had an abortion because they're a good messenger that's their right to it's the interference with that it's the interference the decision in general that's the problem so I don't really see the distinction between beliefs and views I think it's I think it's kind of made up as I said as I said earlier I mean police police in action police in actions I'm sorry as I said again coming to you in a in defending an action saying well we all we cared about was there was their beliefs and what they said about it not that they actually had an abortion that's never gonna hold up I mean I I guess I would hope it would if it comes to that for my client but what difference between local law 20 and the boss bill is the boss bill is a freestanding piece of legislation and local law 20 puts reproductive health decision-making as a protected status alongside other characteristics like race and sexual orientation and so on right right okay so the state was just saying that well we think that the boss bill might operate differently than other discrimination laws in that it's focused on the decision-making and not on beliefs about the status so if it might violate the prohibition on the discrimination on the basis of race if an employer asks employees to profess beliefs about race that are hostile to one particular race maybe the boss bill acts differently but here you have a status alongside other statuses right so if it's true that the anti-discrimination law says that employers can't require employees to affirm that the white race is the superior race or that women belong in the home or that homosexuality is an abomination it would also create a hostile environment and maybe be prohibited if an employer requires everybody to affirm that abortion is murder and is immoral right sure and I assume the city is gonna say you know evergreen you can do whatever you'd like regarding requiring certain beliefs you just can't take any action on conduct and again we don't necessarily see the distinction if there has been if there actually has been an abortion at some point I mean I see the distinction but like do you think that the New York City Human Rights Commission would accept the idea that an employer is not saying they won't hire somebody who's a racial minority they just say that all employees must affirm that the white race is the superior race well I think that belief and not the status like would that really be an acceptable defense under the speech code that we're talking about I think we would certainly that would certainly be expressing a preference for whatever racial minority or majority you're talking about you know these scenarios speculative I mean we have to look at something that is that is concrete right these hypotheticals what could come up with lots of different hypotheticals are they are they too speculative or conjectural to give rise to the standing I mean the record is clear what we how my client interviews in prospective employees about asking about their experience with abortion and making decisions like that you're gonna see an applicant who had an abortion yesterday and then it's gonna come in and profess to you know not believing in abortion I mean is it it's certainly possible but is it isn't isn't that somewhat speculative I don't believe so I mean my client they do get approached by people who've had abortions that's that's also in the record how's man how they just go and a lot has happened but but the scenario of it happening just very recently and then coming in and saying something that was inconsistent my question is isn't that conjectural I think it's it's not certain but you know it does that they do hire people who've had abortions they have discussions and whether those discussions are you know fruitful in future employment I think is is an issue and that's that's their determination to make well but regardless you know again there's the three ideas whether you're actually gonna take an adverse employment action against a person whether you are you know enforcing an agreement under the state law or expressing the preference under the city law and whether you're inquiring about medical history right so for the second one right so that idea that like the status that's being protected people who've had abortions and you make everybody who comes in affirm that abortion is murder and is immoral and so on that is the equivalent of somebody comes in who's a racial minority and you say well we're willing to hire you as long as you say that the white race is a superior race right right so that would it's not that it's about whether you're actually going to hire somebody that you would then take an action against at least for this possible violation it's about whether that practice that you are doing the pro-life commitment is a violation of the statute yeah I think those are the the asking about employees and and the the waiver that is in place right now with five or six employees whatever it is is is it is what it is right now it's not that there's nothing speculative about it and it says you've got a I mean it makes a very clear preference is there there is one for in forgive me I believe it's the city case that there is a religious organization if it's the state case I'm going to kick myself I believe it's there's a religious there's a religious organization exemption that both evergreen and the city have agreed does not apply to evergreen it require sort of requires you be controlled by evergreen ever sought the exemption no I don't I don't I believe we we've agreed that they would not qualify for it thank you thank you good morning on behalf of the city I want to at the outset jump in on the importance of pulling apart two claims here when we're talking about standing there are two claims remaining in this city case which are the expressive association claim and the free speech claim and they're getting at different injuries so they and there has to be standing for every claim and on the expressive association claim the injury that plaintiffs have identified is that they might have to hire someone who agrees with their views but has taken conduct different to that is opposed to their beliefs and the problem with this theory without getting any into any difficult enforcement questions without getting into the beliefs acts distinction is that it is entirely speculative on this record it relies on an act by a third party that is an employee or an applicant to apply or remain and take a certain decision for evergreen to find out about it and for it to take certain enforcement actions you're saying it's never possible I mean when we have questions like an application of the anti-discrimination laws to religious organization and we apply the ministerial exception we don't say that the religious organization has to actually wait until a woman applies to be a Catholic priest and then defend itself like they do get pre-enforcement review right but so this idea that it's like inherently speculative as to whether they're ever going to hire anybody doesn't normally apply in that context so if they are engaging in activities that arguably violate the statute and there isn't a disavowal like it would be standing I mean I disagree with your honor I mean I think that's a different doctrine and there has to be a question in both cases it's about article 3 case or controversy standing so like if it were right that whenever you're expecting to hire an employee it always depends on a third party action and therefore it's always speculative you'd never be able to get pre-enforcement review against an anti-discrimination law if I may have lots of cases where you do if I may focus on the summary judgment record here my point is not that you would never have standing on this basis you would just have to show that it's non-speculative and here's what we have on this record we know that plaintiffs have reduced zero admissible evidence that they have ever declined to hire someone based on a sexual reproductive health decision they have admitted that no one has ever terminated before as to whether it's arguable that the beliefs are covered by the statute so let me ask you that question so under local law 20 it's not just reproductive health decisions but also race and sex and so on so if an employer if there's a Walmart in New York City and it says we're willing to hire racial minorities as long as everybody affirms the white race is the superior race would that be allowed because that's a belief about the status and not the status itself I mean I think it would be difficult to say that Walmart could do that your honor well right that's what I'm saying so isn't it normally the case that the beliefs actually are prohibited like requirement I mean these that are tied to the status there are prohibited by there's several points I would make your honor first both the state and the city have been clear throughout I think the full I mean if the city a full scope of this litigation that they're these laws do not bar the plaintiffs talking about their their pro life so let me just so you're saying Walmart can't require beliefs of their race could Walmart require beliefs about abortion so if there's a Walmart in New York City and it says all employees of Walmart must affirm that abortion is murder and is moral would that be allowed there every I mean I can also tell you that every enforcement decision is is going to depend on the facts and circumstances what they're saying is not what they're doing is not arguably covered by the statute just that we might choose not to enforce it that's different than saying it's not even arguably covered so I'm asking if Walmart were doing the exact same thing Walmart says all Walmart employees must affirm abortion is murder and is immoral and if you say something different you can't be employed at Walmart what New York City said that violates local law 20 I mean I would point out and and and your honor may tell me that it's different but this court did accept this distinction I believe on the vagueness challenge in slattering one I believe this court accepted the government's representation that it did not say that that's necessarily correct I don't know if that's right so I'm asking you is that the way you understand local a 20 so if Walmart said all employees of Walmart must affirm abortion is murder and is immoral and that is a that belief is a requirement for employment at Walmart that would that violate local law 20 that case might well come out differently your honor but what is important for this court right now okay what's the difference between Walmart and Evergreen they have again we get we're talking about a lot of other employer in New York City can get you to the exact same conduct as this employer would be violating these 20 how could it be that they're not even arguably violating local law 20 again these in the laws in this case are different than Boswell they've been around for 60 years and the Human Rights Commission has extensive experience and is extensive precedent on enforcement they certainly look to the skills and qualifications of a job and we have here a mission-based pro-life employer so it is actually different not relevant what you believe about abortion but for Evergreen it is is that the difference well there's a there's a distinction of like what what could possibly be like a legitimate qualification but I don't think the fundamental point just to clarify is does that mean that for Evergreen your beliefs about abortion is a legitimate qualification but for Walmart it's not is that the distinction I'm saying that could be a distinction every single enforcement case does that mean what you're saying is because Evergreen is an expressive association local law 20 can't apply to Evergreen the same way it applies to other employers in New York City no your honor I'm saying on this summary judgment record there is zero credible evidence you were starting to say on the summary judgment record here and you wanted to tick off some points what were those points I would be helpful to me to hear so the first the first two were one you said was zero evidence there's zero evidence they've ever not declined to hire on this basis they fired on this basis they hire people all the time that's a direct quote who have had abortions in their past they said the same is probably true with birth control they also said they're not hiring right now they had paused the internship program the organization was in flux it had new leadership Reverend Hardin said that he might change some of the screening measures for how and for how employment was how hiring was was done I mean we have just no evidence that there is that they're going to take an act but it's not speculative they're going to take an act that violates this law and if that case comes up I mean the standing determination is just they don't have standing now if that case comes up they could bring a lawsuit to help us intelligently analyze prohibition if they said if you you know we don't allow employees to have abortions just like that agreement if that's what they said yes I think we're on the free speech the free speech claim either one so like they're saying not being able to require that undermines their right to expressive association and also free speech I actually do not think that they have articulated a viable theory of how that would go to their expressive I think which I think we're talking about whether arguably violates the I'm just going to bracket what the relevant claim is okay so yeah you're saying if they did require if they did say in the pro-life commitment all employees agree that they're not going to have an abortion that would violate the statute if they yes yes okay and so the employer who drafted the current pro-life agreement says that's the way they understand the agreement and that's how they intend to enforce it doesn't that mean that there's at least a question of material fact as to whether that's what it means no your honor I mean I think that's litigation position they've taken but I think we look at that we're we always have to remember we are at summary judgment at this point so what is the evidence in the record we have the agreement itself in the record it's an honor code for lack of standing which is without prejudice and tomorrow they just clarified that they broke that expressly into their agreement then they'd have standing because it would be a violation of the statute I mean they would still have to show an imminent credible and for threat enforcement I do think it would could be although you would I mean our cases say that if it's a recent statute that's not more abundant the city hasn't disavowed enforcement we presume that it's going to be enforced so like is the city disavowed enforcement against evergreen this is this based solely on I can well I have I can represent the base solely on this statement of position as it exists the lot is not the city is not intend to enforce local law 20 of 2019 against evergreen because the city's the city believes that the best reading of this document it is like their job application materials is a belief based document okay but then that goes back not to ask your question which is you said that it Walmart required a police belief based document it might very well violate the statute so what's so so so so why are you deciding that that's the best reading of the statute as applied to evergreen but it's not the best reading of the statute as applied to Walmart it's different readings this is this is the evidence that we have in front of us we've been able to we've been able to review it I'm taking the status of evergreen makes a difference and because you're saying our interpretation of the statute is not the interpret the statute as applied to other employers in New York City then I just don't know I'm not trying to make that representation I'm just trying to okay so then that means that if it's you're allowed to require beliefs about abortion doesn't it mean that it must be the case that if Walmart is based in New York City and requires all employees to affirm abortion is murder and it's immoral that wouldn't violate local law 20 I'm sorry what I missed the question the question your honor if you wouldn't mind if Walmart required the beliefs based document that you described it requires all employees at Walmart in New York City to affirm abortion is murder and is immoral that wouldn't violate local I'm just saying it I'm saying it could I'm saying it could it's a different be a different if it could doesn't that mean you're just saying it arguably violates the statute to require this pro-life commitment no no your honor the way that we I'm sorry I'm maybe maybe I'm missing something in the hypothetical like I understood the hypothetical to be a pop if Walmart makes someone's promise not to the same document right the employees of Evergreen have to affirm abortion is murder and it's immoral right that's what the record says and you're saying that's okay because local law 20 doesn't prohibit an employer from requiring employees to profess a belief of abortion I'm saying if Walmart did the exact same thing they're doing and required employees to express the exact same belief that they require employees to express about abortion would it violate local law 20 with every argument requires you to say no but you're you're saying maybe every it's very different mean every enforcement case is extremely specific and it's very difficult to me that at least it arguably violates the statute so if there's some other employer engaging in the exact same conduct you you're saying that might be a violation that means that what they're doing at least arguably violates the statute at summary judgment we have to have concrete evidence in the record of an imminent threat of enforcement and also the difference on the free speech claim here is we have we have whether arguably violates the statute so I'm gonna bracket the threat of enforcement I'm just talking about whether you consider it to be a violation the the positional statement now I do not consider the positional statement to be a violated or required the exact same positional statement that also wouldn't be a violation is Walmart in New York anywhere in New York whatever Walmart would never issue such a statement right I mean I would be quite shocking yeah and even assuming there was a violation a prosecutor has discretion whether to go after someone or not right yes and so there are differences between Walmart this giant national company and Evergreen a much smaller company that's been operating for 50 years that does have this mission a prosecutor can say I will go after Walmart but I won't go after Evergreen based on the exact same violations in theory correct yes and that that is what I'm trying to say the enforcement you agree with what Judge Chin just said which is that you're exercising enforcement discretion based on the fact that Evergreen has a pro-life mission I think it's I think it's what I'm saying is I think it's relevant when we're trying to work through future hypotheticals but I just don't think the court needs to get to these hypotheticals the reason you would go after Walmart and not after Evergreen is because you're exercising enforcement discretion based on Evergreen I didn't use the word would I said that there are differences between Walmart and Evergreen that could influence a prosecutor's prosecutorial decision you agree with that yes and it is one consideration that goes into the credible threat of enforcement we also again we have zero evidence the reason there's no credible threat of enforcement is because you are exercising prosecutorial discretion because even though you could go after them you're choosing not to all I'm trying to say is that different enforcement thank you very much thank you part of what I'm hearing is there's there's at least some agreement that our expressive association claim has merit and that might be the reason for a lack of credible threat of enforcement yeah so if it were true that the city of New York was saying well we would go after a secular employer if they were doing the exact same thing but we're not going to go after Evergreen because of enforcement discretion even though that conduct you know might be in violation of the statute that would not be a reason for concluding that your conduct arguably violates the statute that would be a concession that actually there's something about your expressive mission that requires a different application of the law right and I would love to hear an outright concession that Evergreen is an expressive association that is protected from this law but it's we're sort of hearing both sides I think that you know they they want this law to exist and to apply against us but we just don't have standing so so your friends on the other side have averted to the summary judgment record uh and you heard um go through uh the absence of uh evidence on this record uh that would support uh a uh determination that you've got that Evergreen your client's got standing can you take us through the same record um in a helpful way uh to point us to where there is real evidence uh that supports standing yeah the argument I would say is your honor my client has not the argument just the evidence uh the state or the city is correct uh Evergreen's never fired anyone for having an they have been allowed to um ask employees about their abortions perspective prospective employees about their experiences with abortion um and I think that is what has protected them and allowed them to make good decisions um that's what the city the district court in the city said was you know they've got this these great screening processes well meanwhile there's a speech provision that says you can't do that anymore um so I think that the two two conflict and just I'm sympathetic to standing uh I don't really care where it's coming from I'm sympathetic sympathetic to allowing litigants into federal court but um just is there some set of citations to the record that you can point us to to rebut either the city the city's uh uh uh litany of um uh areas in the record that don't seem to support standing well the the fact that the waiver provision is in the record uh I mean this document that says that you must uphold Evergreen's opposition to abortion that is that is in the record the fact that uh Jim Harden or whoever's in charge it used to be Chris Slattery would ask employees about their experiences with abortion and would make decisions based on that that is in the record I think I just heard the same something similar uh as to what Mr. the counsel for the state Mr. Brockman said which is effectively a disavowal and I know you may have heard something slightly different but disavow on this summary judgment record what's your response to that I I don't know that the city's council said that as well um but I I can't I can't say we wouldn't welcome disavow at this point I mean I I I don't like that it happened now um but you did say earlier that we should evaluate a disavow that happens now in terms of mootness yeah I think it's that involves whether it's opportunistic and whatever like it's a different consideration from standing right and I'd go back to voluntary cessation talk about my trite like my what I was saying before about three possible predicate violations right so there's whether you're going to take an adverse action against an employee whether the pro-life commitment that you require is itself a violation of the statute and requesting medical information those three things all would be violent could be violations of each of the statutes right correct okay so whether you're gonna fire a particular person for having an abortion might depend on whether you hire somebody and that person has an abortion and then you fire them but the second one about the pro-life commitment right if that's understood to be a commitment not to have an abortion I think the state and the city both agree that it would be a violation of the statute they say the statute doesn't violate beliefs and then the question is whether it arguably does right so then that's the way we should evaluate that and I guess your position would be on the summary judgment record you require a pro-life commitment and you think it arguably violates the statute yeah I think a says that's not a current violation and the district court was wrong about that is because the state statute doesn't reach prospective employees but the city statute does right correct does the city statute have a prohibition on getting a medical history the medical history like asking about the medical history so what the yeah I mean it prohibits expressing a preference on reproductive health decision and what Jim Harden has said in his we ask about prospective employees you can't make any inquiry in connection with prospective employment which expresses directly or indirectly specification or discrimination as to age and so on including reproductive health decisions so when you ask about like have you had an abortion you make clear that your preference is that they have not had an abortion right yeah I mean he followed in his deposition he followed that up and said and the deposition was in the state case it's in both that we make decisions based on their responses thank you very much thank you very helpful argument we'll uh there's no decision obviously